UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21469-CIV-UNGARO/SIMONTON

MIAMI-DADE COUNTY, et al.,

    Plaintiff,
v.

SCHINDLER ELEVATOR CORP.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion to Compel Depositions, Motion for Emergency Hearing or in the Alternative Motion for Extension of Discovery (DE # 23).  The Defendant has filed a Response to the Motion (DE # 26), and the Motion has been referred to the undersigned Magistrate Judge (DE # 24).  A hearing was held on the Motion on February 25, 2011.  At the conclusion of the hearing, the Motion was DENIED, as set forth in this Order.

    I.    BACKGROUND

This action was initiated when Plaintiffs Miami-Dade County and Shaquithia Jackson filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit, In and For Miami-Dade County, Florida.  The Complaint alleged, *inter alia*, that Defendant Schindler Elevator Corporation ("Schindler") failed to defend and indemnify Miami-Dade County, as required by certain contracts, in an action involving an injury to Plaintiff Jackson's minor child while on an escalator serviced by Defendant (DE # 1-2).  The instant action was removed by the Defendant to this Court on May 6, 2010 (DE # 1) and Defendant timely filed its Answer and Affirmative Defenses (DE # 6).  On July 21, 2010, the Honorable Ursula Ungaro, the District Judge assigned to this case, entered a Scheduling

Order setting the discovery deadline date for March 11, 2011, and a dispositive motion deadline date of April 8, 2011.  On February 22, 2011, Plaintiff filed the Instant Motion to Compel (DE # 23), and Defendant filed an expedited response two days later (DE # 26).

  II.  <u>PARTIES' POSITIONS</u>

  In the Motion to Compel, Plaintiff Shaquithia Jackson seeks to compel dates for the written or oral depositions of Richard P. Hermann, II, Esquire, and Stuart Weinstein, Esquire, neither of whom are parties to this litigation or employees of Defendant Schindler (DE # 23).  According to the Motion, Plaintiff initially requested that Defendant provide dates for the depositions of Mr. Hermann and Mr. Weinstein and asserts that Defendant initially agreed to the depositions being taken by written questions of the witnesses.  Plaintiff contends that thereafter, Counsel for Plaintiff was informed that the depositions would have to be coordinated through the office of Counsel for Defendant, and states that, to date, neither Counsel for Defendant nor the witnesses have provided any dates for the depositions.

  In Response, Defendant asserts that it has no control over the witnesses that Plaintiff seeks to depose (DE # 26).  In addition, Defendant argues that the Plaintiff failed to seek the witnesses' depositions pursuant to a subpoena as provided by Federal Rule of Civil Procedure 45, and further failed to comply with the requirements for depositions upon written questions as provided by Federal Rule of Civil Procedure 31.  However, Defendant states that it has attempted to secure dates from Mr. Hermann and Mr. Weinstein, but has not received a response from either witness.  At the hearing on the Motion, Defendant made clear that it never represented to Plaintiff's Counsel that it would be able to either produce the witnesses for deposition or obtain the cooperation of the witnesses in responding to written deposition questions.

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 31 sets forth the requirements of taking depositions by written questions. That Rule provides, in relevant part,

> (a) When a Deposition May Be Taken.
>
>     . . .
>
> (3) Service; Required Notice. A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.
>
>     . . .
>
> (5) Questions from Other Parties. Any questions to the deponent from other parties must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions. The court may, for good cause, extend or shorten these times.

Thus, Rule 31 provides the specific practices and procedures for taking depositions upon written questions, and requires that written questions from a party directed to a deponent must be served on all parties and allow fourteen days, from the date of service, for the other parties to serve cross-questions, allow seven days for redirect questions and allow an additional seven more days for parties to submit recross-questions. *See In re: Clerici*, 481 F.3d 1324, 1336 (11th Cir.2007) (recognizing written deposition requirements set forth in Fed.R.Civ.P. 31); *Duhn Oil Tool, Inc., v. Cooper Cameron, Corp.*, 2009 WL 3381055 *6 (E.D. Cal. Oct. 15, 2009) (discussing time requirements regarding submission of cross examination questions under Rule 31).

**Thus, pursuant to this Rule, as stated at the hearing, in light of the discovery deadline date of March 3, 2011, there is insufficient time to comply with the deposition upon written questions requirements under Rule 31, prior to the expiration of the discovery period.  In addition, the witnesses, Mr. Hermann and Mr. Weinstein who are the subject of the instant request for depositions were not served with the Motion to Compel, rather only counsel for the Defendant was served (DE # 23 at 4).  Finally, it is undisputed that neither Mr. Hermann nor Mr. Weinstein are employed by or are agents of Defendant Schindler Elevator, and thus Defendant has no control over these witnesses.**

**Accordingly, as ordered at the hearing, Plaintiff's Motion to Compel is denied. Plaintiff may seek to obtain the depositions of Mr. Hermann and Mr. Weinstein through issuing a subpoena for their depositions pursuant to Federal Rule of Civil Procedure 45, and obtaining service upon the witnesses of those subpoenas.  However, if Plaintiff seeks to extend the discovery deadline, which necessarily would alter the Scheduling Order, then Plaintiff must seek such relief directly from Judge Ungaro, by way of separate motion.**

### IV.    CONCLUSION

**Therefore, based upon the arguments made in the Parties' submissions and at the hearing on the Motion, and a review of the record as a whole, and as ruled at the hearing on the Motion, it is**

**ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Depositions, Motion for Emergency Hearing or in the Alternative Motion for Extension of Discovery**

(DE # 23) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on February 25, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record